THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MUDDASSIR TAJAMMUL,<br><br>                Plaintiff,<br>    v.<br><br>EVERETT AFFORDABLE HOUSING PORTFOLIO LLLP, *et al.*,<br><br>                Defendants. | CASE NO. C22-1676-JCC<br><br>ORDER |

This matter comes before the Court on *sua sponte* pre-service section 1915(e)(2)(B) review of Plaintiff's complaint (Dkt. No. 5). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis*, (Dkt. No. 3), which the Honorable S. Kate Vaughan, United States Magistrate Judge, granted (Dkt. No. 4). Shortly thereafter, Plaintiff also filed an application for court-appointed counsel. (Dkt. No. 6.) Under 28 U.S.C. section 1915(a), the Court must review and dismiss before service the lawsuit of any person seeking to proceed *in forma pauperis* if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Whereas, the complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* pleadings to a less stringent standard than ones drafted by lawyers and liberally construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1006 (9th Cir. 1995). However, fanciful and fantastical allegations, rather than those that are merely unlikely, do not support leave to amend. *See, e.g.*, *Rogers v. Organon USA, Inc.*, 2014 WL 3853451, slip op. at 4 (E.D. Cal. 2014) (citing *Sandoval v. Bennette*, 2009 WL 3413881, slip op. at 2 (S.D. Cal. 2009)).

Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff alleges Defendants Everett Affordable Housing Portfolio LLLP ("EHA") and Volunteers of America Western Washington ("VOA") engaged in "rental assistance sabotage at the directive of the CIA." (Dkt. No. 5 at 10.) He also alleges the CIA planned a coverup operation with EHA. (Dkt. No. 5-1 at 4–6.) However, while Plaintiff cites the Fair Housing Act, (Dkt. No. 5 at 3), he does not explain how EHA or VOA violated that Act; he also fails to put forth any cognizable legal theory. Nor does he state what relief he seeks.

Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim. Moreover, the Court cannot conceive of any amendment that would make Plaintiff's claims viable. Plaintiff's claims that the CIA is collaborating with EHA and VOA are clearly baseless, fanciful, or fantastical. Therefore, the Court concludes that it is appropriate to dismiss Plaintiff's complaint without leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (leave to amend is inappropriate where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

Plaintiff's complaint (Dkt. No. 5) is DISMISSED without prejudice. Moreover, because

the complaint is dismissed, Plaintiff's request for court appointed counsel (Dkt. No. 6) is DENIED as moot. The Clerk is DIRECTED to close this case and mail Plaintiff a copy of this order.

DATED this 9th day of January 2023.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE